**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sheahan Ramon STEPHEN,
Defendant–Appellant.**

No. 00–1775.

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

PER CURIAM.

Defendant Sheahon Ramon Stephen appeals his conviction and sentence on a plea of guilty to the offense of interstate travel with intent to engage in a sexual act with a juvenile. 18 U.S.C. § 2423(b). Defendant challenges the constitutionality of § 2423(b) under the Commerce Clause. Defendant also arguably presents a Due Process challenge by his argument that the statute is an impermissible punishment of "mere thought." In so doing, Defendant relies principally on *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and its progeny.

Defendant first met the victim, C.B., on the Internet in February 1999. She represented that she would turn eighteen years old in April and that she had been sexually abused for years. About six weeks later, in a conversation Defendant had with the victim's mother, he learned the girl was only twelve years old and was also fabricating stories about sexual abuse. He nevertheless continued to contact her by telephone and the Internet.

In July 1999, Defendant traveled from Portland, Oregon to Kalamazoo, Michigan as part of a business trip and spoke to the victim's mother. Defendant told the mother that his parents had advised him against continuing the relationship. The mother encouraged Defendant to continue the relationship, however, because her daughter was more responsive to her authority when she was in contact with Defendant. Defendant continued to contact the girl.

In August 1999, Defendant traveled to Michigan again. Before leaving Oregon, he purchased lingerie/pajamas for C.B. from a Victoria's Secret store. Defendant admits that he thought he would spend the night with her during his visit, but insisted that he did not travel to Michigan solely to have sex, rather he wanted to continue the relationship they had established. When he arrived, he rented a car and a hotel room in Kalamazoo. He also stopped at a gas station and purchased condoms. He picked up the girl from her parents' home, took her to the hotel, and they eventually had sexual intercourse that evening. The victim was then 13 years old. Defendant was 22 years old.

After Defendant was indicted for traveling in interstate commerce with intent to

engage in a sexual act with a minor, he moved to dismiss the indictment on the ground that Congress lacked authority to criminalize crossing state lines with illegal thoughts. However, he entered a plea agreement contingent on the outcome of his motion for dismissal, reserving the right to appeal an adverse ruling on his motion. The district court denied Defendant's motion and accepted Defendant's plea. Defendant was then sentenced to 45 days of confinement, an assessment of $100, and a fine of $500.

■ This Court reviews *de novo* a district court's determination of the constitutionality of a federal statute. *United States v. Napier*, 233 F.3d 394, 397 (6th Cir.2000).

■ Here, the district court rejected Defendant's arguments. The court held that § 2423(b) is constitutional, drawing an analogy to our recent decision in *United States v. Avila*, 205 F.3d 1342, 2000 WL 191844 (6th Cir. Feb.11, 2000) (unpublished order). The court also held that § 2423(b) is not a punishment of mere thought, relying on *United States v. Gamache*, 156 F.3d 1 (1st Cir.1998).

Having carefully reviewed the parties' briefs and after hearing their oral argument, we AFFIRM for the reasons more fully articulated by the district court in its order dated June 16, 2000.